Uma DEO; et al., Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73250.
Agency Nos. A76–851–473, A75–851–474, A76–851–475, A76–851–476.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2004.

Decided Feb. 2, 2004.

Ashwani K. Bhakhri, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, William C. Peachey, Jonathan F. Cohn, Washington, DC, for Respondent.

Before WALLACE, McKEOWN,
Circuit Judges, and MOSKOWITZ,
District Judge.*

MEMORANDUM**

Deo petitions for review of the Board of Immigration Appeals' (Board) summary decision affirming the Immigration Judge's (IJ) denial of his asylum and withholding of removal claims and his motion to remand. Deo's wife and two children seek derivative asylum status. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Deo's petition.

■ The IJ determined Deo failed to establish his eligibility for asylum or withholding of removal, 8 C.F.R. §§ 208.13, 208.16, because Deo's entire case rested on testimony from Deo and his sister-in-law that the IJ found incredible. We review the IJ's adverse credibility determination for substantial evidence and must affirm unless Deo demonstrates that the evidence *compels* us to conclude that the IJ's finding was erroneous. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

The IJ had "a legitimate articulable basis to question [Deo's] credibility, and ... offer[ed] a specific, cogent reason for any stated disbelief." *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003) (internal quotation and citation omitted). Deo suggests eight grounds on which the IJ based her finding and argues all are flawed. If even one ground is permissible, we must uphold the credibility determination. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (stating that "only one inconsistency can be sufficient"); *Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000).

First, the IJ legitimately discredited Deo's testimony that he was employed as a farmer. Deo's negative answer to the questions "[o]ther than doing farming, were you doing anything else for a living?" and "[w]as there any other job you ever did?" is inconsistent with later admitting to occasionally driving his father's van for hire and flatly contradicts his subsequent contention that driving would consume up to six months of his year.

Second, the IJ also cited Deo's varying renditions of the nighttime assault on his house. While Deo's asylum application asserted that he and his "family members were brought in one room and were made naked" and that the intruders "beat [him] and [his] family," Deo's narrative at the hearing changed: he testified that (1) his children were "locked ... in one room" separate from him and his wife, (2) he alone sustained an injury, and (3) when Deo's "sule [a towel-like garment] dropped," he was still garbed in his "undergarment clothes."

Further, Deo's chronicle of events at the police station fluctuated from (1) being "beat" and "pushed ... out of" the station to (2) being "kicked ... out from the station," to (3) merely facing officers who "did not allow [him] to come inside the police station with their hands."

The IJ's likewise offered valid, specific cogent reasons for questioning the credibility of Deo's sister-in-law. There were many instances where she, when pressed for details, responded vaguely or answered "I don't remember," "I didn't ask him," or "I don't know." It is doubtful she hails from an agricultural background as she claims since her testimony evinced an unfamiliarity with farming.

---

* Honorable Barry Ted Moskowitz, United States District Judge for the District of Southern California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The substantiated adverse credibility finding thus supports the denial of Deo's asylum application and, necessarily, Deo's request for withholding of removal. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

The Board did not abuse its discretion in denying Deo's motion to remand. *See Malhi*, 336 F.3d at 993. The news articles submitted by Deo describing a recent bloodless coup in Fiji do not demonstrate that country conditions have changed to make Fiji one of the "extreme cases where persecution is so widespread as to constitute a 'pattern or practice of persecution' against a particular group." *Hoxha v. Ashcroft*, 319 F.3d 1179, 1183 n. 6 (9th Cir.2003); *see also* 8 C.F.R. § 208.13(b)(2)(iii).

Petition DENIED.